UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-23985-cv-BLOOM/Otazo-Reyes

MARTHA EDGERTON,

    Plaintiff,

v.

SCHOOL BOARD OF MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Martha Edgerton's Complaint, ECF No. [1]. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3], and a Motion for Referral to Volunteer Attorney Program, ECF No. [4]. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that … (B) the action or appeal … (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it constitutes a shotgun pleading.

Case No. 23-23985-cv-BLOOM/Otazo-Reyes

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. […] If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count …." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011).

Shotgun pleadings fail to make the connection between "the substantive count and the factual predicates … [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80

(11th Cir. 2006). The Eleventh Circuit has repeatedly and unequivocally condemned shotgun pleadings as a waste of judicial resources. "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Despite liberally construing Plaintiff's allegations, the Court nonetheless finds that the Complaint fails to confirm to federal pleading standards.[1] The Complaint asserts multiple claims for relief at the outset and proceeds to recite numerous factual allegations without referencing which claims those allegations support. ECF No. [1] ¶¶ 1-46. The Complaint proceeds to recite the injuries Plaintiff suffered due to Defendants' alleged misconduct, quantifies the resulting damages, and explains the medical consequences of mold exposure. *Id.* at 12-18.[2] Those allegations fail to sufficiently identify the basis for Plaintiff's claims against Defendant. Plaintiff's Complaint concludes with a "Governing Law" section asserting that Defendant violated Plaintiff's rights in numerous ways, but those conclusory assertions fail to clarify the

---

[1] "Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted).

allegations supporting Plaintiff's claims. *See* ECF No. [1] at 18 ("Plaintiff has been damaged by Defendant's harassment, retaliation, negligence, gender discrimination and for creating a hostile work environment. [Defendant] Allick intended to cause [Plaintiff] Edgerton grave bodily harm by demanding she remain in the contaminated where it increasingly harder for [Plaintiff] Edgerton to breathe.").

The remainder of the Complaint compounds this confusion by providing relevant legal standards without explaining their connection to the Complaint's factual allegations. ECF No. [1] at 19-25; *see Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979-80 (11th Cir. 2008) (condemning shotgun pleading that bunched together "untold causes of action" in one count). Plaintiff's Complaint "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. The Complaint is therefore a shotgun pleading that violates Rule 8(a)(2) by failing to sufficiently identify Plaintiff's claims. Defendants cannot craft a responsive pleading without clarification as to which allegations support each claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED without prejudice**.
2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, ECF No. [3], and Motion for Referral to Volunteer Attorney Program, ECF No. [4], are **DENIED** as moot.
3. The Clerk shall **CLOSE** the case.

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Case No. 23-23985-cv-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

**Martha Edgerton**
3010 S.W. 113th Way, Apt. 203
Miramar, FL 33025
PRO SE